```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

HEATHER NGUYEN AND CHRIS NGUYEN            CIVIL ACTION

VERSUS                                     NO. 06-7961

ANPAC LOUISIANA INSURANCE CO.              SECTION "R"(5)
A/K/A AMERICAN NATIONAL PROPERTY
AND CASUALTY CO.

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this case to the Civil District Court for the Parish of Orleans. For the following reasons, the Court GRANTS the motion and REMANDS the case.

### I.   BACKGROUND

On August 24, 2006, plaintiffs Heather and Chris Nguyen sued their insurer ANPAC Louisiana Insurance Company in state court in Louisiana for damage they allegedly sustained to one of their properties as a result of Hurricane Katrina. ANPAC removed the case to this Court, asserting removal jurisdiction under 28

U.S.C. § 1441(e)(1)(B) because ANPAC is a party to a case that could have been brought directly under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 (the MMTJA), 28 U.S.C. § 1369(a), and because the injuries in that case arose out of the same "accident" as the injuries in the present case.  The case to which ANPAC refers is *Abadie v. Aegis Security Ins. Co.*, No. 06-5164 (E.D. La. filed Aug. 28, 2006).

## II.   LEGAL STANDARD - REMOVAL

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28

U.S.C. § 1447(c).

### III.  DISCUSSION

#### A.  The MMTJA

Defendant is careful to point out that it asserts jurisdiction in this case not on the basis of Section 1369 but on the basis of Section 1441(e)(1)(B).  Because the ultimate issue hinges on the Court's interpretation of the word "accident," the Court will discuss Section 1369 along with Section 1441.

Section 1369(a) states:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a).  The MMTJA defines the term "accident" as "a sudden accident, or a natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons."  28 U.S.C. § 1369(c)(4).  Section 1441(e)(1) permits a state court defendant to remove an action to federal

court if:

>    (A) the action could have been brought in a United
>    States district court under section 1369 of this
>    title; or
>    (B) the defendant is a party to an action which is or
>    could have been brought, in whole or in part, under
>    section 1369 in a United States district court and
>    arises from the same accident as the action in State
>    court, even if the action to be removed could not
>    have been brought in a district court as an original
>    matter.

28 U.S.C. § 1441(e)(1)(A),(B). Thus, Section 1441(e)(1)(B) provides for removal in situations in which original federal subject matter jurisdiction does not exist. *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697,702 (5th Cir. 2006). "When the requirements of § 1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under § 1369(a), because supplemental jurisdiction has been established." *Id.* Because the ultimate goal of the MMTJA was consolidation, the MMTJA is designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora. *Id.*

Neither prong of Section 1441(e)(1) is satisfied here. Hurricane Katrina was not a "sudden accident" under the MMTJA.[1] "Accident" is generally defined as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated." BLACK'S LAW DICTIONARY 15 (8th ed. 2004). As the plaintiffs point out, Katrina formed on August 23, 2005 and did not dissipate until August 31, 2005.[2] The multi-day development of the storm and ubiquitous warnings of its approach in the days before its landfall contrast sharply with the types of mass accidents contemplated by Congress when it enacted the MMTJA, namely plane crashes, train wrecks, hotel fires, and environmental spills. *See* 147 CONG. REC. H893-01 (2001); 137 CONG. REC. E1923-02 (1991). The only reported case that interpreted the MMTJA arose from a 2003 fire at a Rhode Island nightclub in which more than 100

---

[1] Although the language of § 1441(e)(1)(B) refers only to an "accident," the same section requires the removed case to "arise[] from the same accident" as the case that could have been brought under § 1369.  28 U.S.C. § 1441(e)(1)(B).  Since the language of § 1369(a) requires that the claims "arise[] from a single accident," the accident referenced in § 1441(e)(1)(B) must also be a "sudden accident" under § 1369.  28 U.S.C. § 1369(a) & (c)(4).

[2] *See 2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu (last visited 10/4/06).

patrons died, an incident that the district court, after an in-depth analysis of the MMTJA's legislative history, found qualified as a "sudden accident." *Passa v. Derderian*, 308 F.Supp.2d 43, 52-55 (D.R.I. 2004). Furthermore, a natural event cannot constitute a "sudden accident" because the MMTJA's definition goes on to define "accident" as also "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4). Clearly a hurricane is a natural event.

ANPAC argues that the "accident" was in fact the levee breaks occurring in and around New Orleans in the aftermath of Hurricane Katrina. Notably, plaintiffs specifically disclaim that they assert a right to recovery based on any flooding of their property. Further, to the extent that the defendant is arguing that all of the levee breaks involved in *Abadie* are the same accident as contemplated by Section 1369 and Section 1441, permitting the aggregation of all Katrina-related deaths, the defendant has made no showing that would justify classifying individual levee breaches and the deaths resulting therefrom, collectively, as a "single accident." The Court allows that, in some circumstances, courts might classify a single levee breach as an "accident" for purposes of establishing jurisdiction under Section 1369. *See Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, 2006 WL 2375593, *3 (E.D. La. 2006). The key point,

6

however, is that the "accident" for purposes of theoretical Section 1369 jurisdiction in the related case has to be the same "accident" that caused the injuries in the removed case. This follows because Section 1369(a) contemplates a "single accident," and Section 1441(e)(1)(B) refers to "the same accident." Thus, the question is whether the damage to the Nguyens' properties resulted from the same "accident" as the one at issue in the *Abadie* case, and whether the *Abadie* case satisfied Section 1369 (*i.e.*, the single accident caused 75 deaths at a discrete location). ANPAC does not identify a specific levee breach that is involved in *Abadie*, that caused the deaths of at least 75 people at a discrete location, and that caused the Nguyens' damage. Thus, ANPAC has not established that *Abadie* could have been brought under Section 1369 or that a specific accident that would form the basis of jurisdiction in *Abadie* is the accident at issue in this case.

Removal of these cases was improper under 28 U.S.C. § 1441(e)(1)(b). ANPAC's argument fails because it has made no showing that the state court cases it removed arose from a single accident, which is a necessary condition for Section 1441(e)(1)(b) removal. Furthermore, ANPAC has made no showing that any accident that may have caused the damage to the Nguyens' property was the same accident as one involved in a case over

7

which there is jurisdiction under Section 1369(a). For all of the foregoing reasons, the MMTJA does not provide for removal of these actions to federal court.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand and REMANDS the case to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this <u>11th</u> day of December, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT